No. 3343.—HENRY VON PHUL, JR., and WM. VON PHUL *v.* THE CITY OF NEW ORLEANS.

A commercial firm that has been dissolved and its dissolution has been duly published, can not afterward be legally assessed to pay licenses or taxes. Nor can the city or State who has made such assessment recover the taxes assessed on the ground that it was made the duty of such firm to examine and cause to be corrected the assessment roll within a given time. In such a case the doctrine of acquiescence does not apply. If judgment has been rendered against a firm for taxes assessed after the firm has been dissolved, then and in such case, the firm has the right to sue for the nullity of such judgment.

APPEAL from the Seventh District Court, parish of Orleans. *Collens, J. McGloin & Kleinpeter,* for plaintiffs and appellees. *George S. Lacey,* City Attorney, for appellant.

HOWE, J. The plaintiffs were formerly engaged in business as merchants in New Orleans, being partners of the commercial firm "H. Von Phul, Jr. & Co.," but in the month of February, 1868, the firm was dissolved, the dissolution publicly advertised, and one of the partners, Henry Von Phul, went to reside in the parish of East Baton Rouge.

In the year 1869, notwithstanding the fact that the firm had ceased to exist a year previously, it was assessed by the city of New Orleans as having a capital of $30,000, and a tax imposed on it of $712 50. In 1870, the name of the late firm was advertised in the list of delinquents, and on November 31, 1870, judgment was obtained in the court *a qua* in favor of the city against "H. Von Phul, Jr. & Co." for the amount of the tax. In January, 1871, this suit was instituted to annul this judgment, and having been decided in favor of plaintiffs in nullity, the city has appealed.

We can not agree with the counsel of the appellant that the rule

laid down in the cases of State *v.* S. S. Co., 13 An. 497, and New Orleans *v.* Hall, 21 An. 438, apply to such a case as this. In each of those cases there was a person in being at the time the assessment was made, who, it was held, was bound to watch the assessment, and have any errors corrected in the proper mode. But in this instance the juridical person on whom this tax was assessed had ceased to exist more than a year prior to the making of the assessment, and the proper notice had been given of this fact; and it would surely be carrying the doctrine of acquiescence too far to say that the persons who had composed this firm were still bound year after year, though perhaps resident elsewhere, to scrutinize the assessment roll under the penalty of being concluded by its recitals. If a tax could be saddled, in the method claimed, on a firm which had ceased to exist a year prior to its imposition, why not on one which had ceased to exist ten or fifty years before?

We are of opinion that the plaintiffs have a legal interest to annul this judgment for taxes since it might be sought to be used against them and that the court *a qua* did not err.

Judgment affirmed.